IVES *v.* JACOBS *et al.*

(*City Court of New York, General Term.* November 23, 1888.)

PRACTICE IN CIVIL CASES—DISMISSAL ON MOTION FOR NEW TRIAL.
     On a motion for a new trial, after verdict for plaintiff, the trial court has no jurisdiction to dismiss the complaint.

Appeal from trial term; WILLIAM F. PITSHKE, Judge.

Action by Howard Ives against Leopold Lindau and Michael Jacobs, on two promissory notes made by Lindau, and indorsed by Jacobs. After verdict for plaintiff, the defendant Jacobs having applied for a new trial on the minutes, the court of its own motion made an order setting aside the verdict and granting a new trial, provided that within 40 days the complaint be amended as to the defendant Jacobs, and, if not so amended, it be dismissed as to him. From this order the plaintiff gave notice of appeal, but afterwards withdrew appeal from that part of the order setting aside the verdict and granting a new trial.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Louis J. Grant*, for appellant. *Jacobs Bros.*, for respondent.

EHRLICH, J. The method which appellant adopted to limit the scope of his appeal might be called in question, if objected to. The court will now, however, treat the contention as an appeal from that portion of the order which dismisses the complaint in its present form, of the court's own motion. We feel constrained to withhold our approval from the course of procedure adopted at the trial term. Upon the trial the court had power of its own motion to dismiss the complaint, or, if in doubt as to its sufficiency, and there were questions of law only involved, the court might have directed a verdict, subject to its opinion, and then, being satisfied that defendant ought to prevail, might order accordingly. Instead of doing this, the learned judge submitted the cause to the jury, thereby assuming, not only that the complaint stated a cause of action, but also that the evidence was such that the jury had become the judges of the facts, and defendant, moving for a new trial, thereby admits that such trial may properly be had upon the issues already framed. The court may not of its own motion dismiss a complaint, except at a stage in the progress of the cause when the sufficiency of the complaint might properly be questioned by the opposite party, and the plaintiff might regularly be heard in opposition. Upon a motion for a new trial on the minutes, the jurisdiction of the trial judge is limited to a review of the evidence and rulings at the trial. If a new trial is ordered, all question as to the pleadings is thereby remanded to the court presiding at such future trial. If a new trial is denied, judgment must be entered upon the verdict, and such judgment cannot be disturbed because of any alleged defect in the complaint, except on appeal. In support of the validity of the judgment it will be presumed that the evidence was sufficient to sustain it, and that any needed amendment of the complaint was had to make it conform to such evidence. In the present case, moreover, the complaint, as set forth in the appeal-book, states a perfect cause of action against the respondent, and no amendment could be rightfully ordered. The order, so far as appealed from, should be reversed, with $10 costs and disbursements.

BROWNE and McGOWN, JJ., concur.